# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| USMAN CHAUDHRY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 24-662-GBW |
| | : |
| HCL TECHNOLOGIES LIMITED | : |
| CORPORATION, *et al.*, | : |
| | : |
| Defendants. | : |

Usman Chaudhry, Union, New Jersey – *Pro se* Plaintiff

Laurence V. Cronin, SMITH, KATZENSTEIN, & JENKINS LLP, Wilmington, Delaware – Counsel for Defendants HCL Technologies Limited Corporation, Chris Cooney, Russel Meade, and XYZ Entities 1-10

**MEMORANDUM OPINION**

January 29, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

On May 6, 2024, Plaintiff Usman Chaudhry initiated this action in the Court of Common Pleas for the State of Delaware. (*See* D.I. 1-1.) On June 3, 2024, Defendants HCL Technologies Limited Corporation, Chris Cooney, and Russel Meade removed the case to this Court. (D.I. 1.) Plaintiff's Complaint, alleging fraud, harassment, hostile work environment, and employment discrimination claims against Defendants, is the operative pleading. (D.I. 1-1 at 3-15.) Now pending before the Court is Defendants' motion to dismiss for failure to state a claim. (D.I. 4.) The motion has been fully briefed by the parties. (*See* D.I. 5; D.I. 7; D.I. 8; D.I. 9; D.I. 10; D.I. 11.) The Court grants Defendants' dismissal motion based on the reasons set forth below.

## II. BACKGROUND

According to the Complaint, on an unspecified date, while working in an unspecified role, at an unspecified location, Plaintiff was assigned to the task of tying cables for computers and other office electronic devices to make them "look clean and presentable." (D.I. 1-1 at 4.) Upon completing this task, Plaintiff told Defendant Cooney, an information technology (IT) supervisor, to review Plaintiff's work, and Defendant Cooney told Plaintiff that Defendant Cooney wanted the cables to be tied differently to look cleaner. (*Id.*) Plaintiff did as instructed and then told

1

Defendant Cooney that Defendant Cooney needed to provide instructions on such specific preferences prior to Plaintiff starting a task, to which Defendant Cooney responded poorly. (*Id.* at 5.)

The next day, Defendant Cooney sent emails regarding the incident to all C-level executives for Defendant HCL Technologies, but several days later, these emails were destroyed in an unexplained manner. (*Id.*) When Plaintiff reported the incident to Defendant Meade, the IT supervisor, Defendant Meade denied that any such emails had ever been sent. (*Id.*) On this basis, the Complaint alleges that Defendant Meade made false statements, and that Defendants Meade and Cooney destroyed the emails "to cover up substantial wrongdoing and potential misconduct." (*Id.*)

Additionally, the Complaint alleges that, on unspecified dates, in unspecified locations, Defendant Cooney referred to unspecified employee-technicians by the term "child," which led to numerous shouting matches and near-physical altercations and prompted one technician to quit. (*Id.* at 6.) Furthermore, during daily virtual department-wide meetings, Defendant Meade criticized and belittled team members, rather than speaking to them constructively in private. (*Id.*) On one undated occasion, Defendants Meade and Cooney mocked a technician named Osman Robertson for a volunteer leadership role that he held at his church. (*Id.*) In the foregoing ways, Defendants Mead and Cooney created a toxic and hostile work

environment for Plaintiff and others who are not named as parties to this case. (*Id.* at 6-7.)

Based on the foregoing, the Complaint alleges a First Count of criminal wire fraud, in violation of 18 U.S.C. § 1343, and Second through Ninth Counts[1] involving employment discrimination, harassment, and hostile work environment, in violation of Title VII of the Civil Rights Act and the Delaware Discrimination in Employment Act. (*Id.* at 7-13.) From these causes of action, Plaintiff sustained "severe damage," which Defendants HCL Technologies, Meade, and Cooney actually and proximately caused. (*Id.* at 13.) As relief, Plaintiff seeks damages, injunctive relief, fees, and any other relief deemed proper by the Court. (*Id.* at 14.)

## III. LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to

---

[1] The Complaint alleges no Third Count. (*See* D.I. 1-1 at 7-8.)

3

the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

As an initial matter, the Court has reviewed whether Plaintiff was properly served with notice of removal of this case from the Court of Common Pleas, and the Court finds service to be proper, as Defendants' have asserted. (*See* D.I. 9 at 4.) Turning now to the Complaint, with the benefit of party briefing, the Court concludes that the Complaint fails to state a claim upon which relief can be granted, and Federal Rule of Civil Procedure 12(b)(6) warrants dismissal of this action.

As to Plaintiff's First Count, alleging criminal fraud in violation of 18 U.S.C. § 1343, dismissal is warranted, and amendment is futile, for this and any other claim based on a criminal law not conferring a private right of action. *See Obianyo v. Tennessee*, 518 F. App'x 71, 72 (3d Cir. 2013) ("criminal statutes such as 18 U.S.C. § 1343, which criminalizes wire fraud . . . provide no private right of action") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-84 (2002)). Private parties, such as Plaintiff, cannot enforce criminal statutes by way of civil actions. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (per curiam); *see also United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996).

To the extent that the Plaintiff intends to raise a civil fraud claim, the Complaint is deficiently pled, and dismissal is warranted on that basis. *See* Fed. R. Civ. P. 9(b) ("[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"); *see also In re Burlington Coat*

5

*Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997) (citing *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 285 (3d Cir. 1992) ("boilerplate and conclusory allegations" do not meet Rule 9(b)'s particularity requirement). To remedy these deficiencies, Plaintiff would need to simply, concisely, and directly state: (1) the specific events which serve as the basis for Plaintiff's civil fraud claims; (2) the dates on which these events took place, the individual Defendants directly involved, and the location of events; (3) the harm Plaintiff himself suffered, if any, from each fraudulent act; and (4) the relief that Plaintiff seeks through this action.

As to all remaining Counts, Defendants rightly assert that Plaintiff has not shown exhaustion of administrative remedies, as is required to raise employment discrimination, harassment, and hostile work environment causes of action in a civil suit. (D.I. 5 at 5.) In Delaware, a claimant filing a charge of discrimination under Title VII or the Delaware Discrimination in Employment Act must first file a complaint with the Equal Employment Opportunity Commission or the Delaware Department of Labor within 300 days of the alleged discriminatory act. *See Daoud v. City of Wilmington*, 894 F. Supp. 2d 544, 553 (D. Del. 2012). Then, if the agency does not take action within a specified time period, it must notify the claimant, after which the claimant has 90 days to initiate a civil action. *Id.* Without evidence of a previously, and timely, filed administrative claim, the Court cannot find that Plaintiff exhausted his administrative remedies, as he was required to do before

initiating this case. *See id.* at 552-53. Accordingly, Plaintiff's Second through Ninth Counts must be dismissed for failure to state a claim upon which relief can be granted.

In an abundance of caution, Plaintiff will be given an opportunity to file an Amended Complaint remedying the deficiencies discussed above. If Plaintiff chooses to file an Amended Complaint, it will wholly replace the Complaint (D.I. 1-1), and Plaintiff may not add any new claims. Plaintiff may only amend the allegations in the Complaint to remedy the above-discussed deficiencies. Plaintiff should be advised that filing an Amended Complaint that fails to remedy the above-discussed deficiencies will likely result in dismissal with prejudice. Alternatively, if Plaintiff chooses not to timely file an Amended Complaint, and instead takes no further action, the Complaint (D.I. 1-1) will be dismissed without prejudice and this case will be closed.

## V. CONCLUSION

For the reasons discussed above, the Court grants Defendants' Motion to Dismiss. (D.I. 4.) The Court will give Plaintiff an opportunity to file an Amended Complaint as set forth above.

An appropriate Order will be entered.